UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERRARD D. JONES,

    Plaintiff,

v.                                                               Case No. 3:18-cv-155-LC/MJF

SCHWARZ, et al.,

    Defendants.

_____/

**ORDER**

    This prisoner civil rights case is before the court upon referral from the clerk. On October 22, 2018, the United States Marshals Service ("Marshals Service") was directed to effect service upon Defendants Pogue, Beaudry, Goldhagen, and Schwarz by mailing the required documents to the special process server at Santa Rosa Correctional Institution ("Santa Rosa C.I."). (Doc. 22). Service of process for these Defendants was returned unexecuted for the stated reason that the relevant Defendants no longer worked at Santa Rosa C.I. (Doc. 25).

    Pursuant to court order (Doc. 26), Assistant General Counsel for the Florida Department of Corrections has notified the court that the last known addresses of Defendants Pogue, Beaudry, Goldhagen and Schwarz have been submitted in confidence to the Marshals Service for the completion of service. (Doc. 30). To

Page 1 of 5

avoid the cost of personal service, the Marshals Service shall first attempt to obtain waivers of service from the Defendants.

Accordingly, it is **ORDERED:**

1. The clerk of the court shall prepare the following documents:

    (a) four service copies of the Plaintiff's fourth amended complaint. (Doc. 20);

    (b) a Notice of a Lawsuit and Request to Waive Service of a Summons form (For Use by Prisoners and *Pro Se* Plaintiffs Proceeding *In Forma Pauperis*) for each Defendant (Pogue, Beaudry, Goldhagen and Schwarz);[1] and

    (c) an AO-399 forms (Waiver of the Service of Summons) for each defendant (Pogue, Beaudry, Goldhagen and Schwarz).[2]

2. The clerk of the court shall provide the following documents to the Marshals Service:

    (a) the service copies of Plaintiff's fourth amended complaint;

    (b) four copies of this order;

---

[1] The clerk of the court shall fill in the caption, the case number, and the name of the Defendant on the Defendant's respective form. Additionally, the clerk shall fill in "30" in the space indicating the number of days within which the defendant must return the signed waiver.

[2] The clerk of the court shall fill in the caption, case number, and name of Plaintiff on each form.

(c) the four completed Notice of a Lawsuit and Request to Waive Service of a Summons forms (for Use by Prisoners and *Pro Se* Plaintiffs Proceeding *In Forma Pauperis*); and

(d) the four completed AO-399 forms (Waiver of the Service of Summons).

3. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, the Marshals Service shall attempt to obtain waivers of service from Defendants Pogue, Beaudry, Goldhagen and Schwarz by mailing to these Defendants, through first class mail, the following documents:

(a) a copy of Plaintiff's fourth amended complaint;

(b) a copy of this order;

(c) the Notice of a Lawsuit and Request to Waive Service of a Summons form (For Use by Prisoners and *Pro Se* Plaintiffs Proceeding *In Forma Pauperis*) for that Defendant;

(d) the AO-399 form for that Defendant; and

(e) a prepaid means of compliance.

The Marshals Service shall mail the documents to Defendants Pogue, Beaudry, Goldhagen and Schwarz as soon as possible. The Marshals Service shall notify the court if a waiver form is returned for insufficient address or for similar reason, or if any of the Defendants have not returned the waiver of

service form (AO-399 form) after 30 days from the mailing of the second amended complaint and waiver forms.

4. If the Defendant waives service, he or she shall have **SIXTY (60) DAYS** from the date the request for waiver was sent to file a response to the second amended complaint.[3]

5. Counsel for each Defendant shall file a notice of appearance within **THIRTY (30) DAYS** of the respective Defendant's waiver.

6. No motion for summary judgment shall be filed by any party prior to entry of an initial scheduling order, without permission of the court.

7. In accordance with 28 U.S.C. § 636(c)(2), the clerk of the court shall forward to Plaintiff a form for consenting to have a United States Magistrate Judge exercise civil jurisdiction, with the case number written on it. If Plaintiff wishes to consent, he should: (a) sign the consent form; and (b) mail the signed form to the clerk of this court. The parties are not required to consent. A decision not to consent will not result in adverse substantive consequences for any party. Consenting to have a Magistrate Judge exercise civil jurisdiction in this case, however, may result in a speedier resolution of this case. *See Novelty*

---

[3] If the waiver form is not filed and personal service is required, the summons will provide the Defendant with 21 days in which to respond. *See* Fed. R Civ. P. 12(a)(1)(A). In addition, the defendant may be responsible for the expenses incurred in making service. *See* Fed. R. Civ. P. 4(d)(2).

*Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 73 (S.D.N.Y. 1991) (noting that parties typically "consent to a trial before a Magistrate for the purpose of obtaining a speedier disposition of the case").

**SO ORDERED** this 27th day of March 2019.

                                           /s/ *Michael J. Frank*
                                           **Michael J. Frank**
                                           **United States Magistrate Judge**