## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**GERRARD D. JONES**
**DOC # 503034**,

      Plaintiff,

v.                               Case No. 3:18-cv-155-LC-MJF

**SCHWARZ, ET AL.,**

      Defendants.
_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendants Schwartz, Denmon, Goldhagen, Beaudry, and Pogue, ("Defendants"), by and through undersigned counsel, respond to Plaintiff's Motion to Compel, (Doc. 59). Defendants requests that this Court deny Plaintiff's Motion and state the following in support thereof:

### STATEMENT OF FACTS

1.    Plaintiff has filed a Civil Rights Complaint under 42 U.S.C. § 1983 against Defendants. (Doc. 1) Plaintiff's Fourth Amended Complaint is the operative complaint. (Doc. 20).

2.    On September 26, 2019, Plaintiff mailed his "Motion for Judicial Notice of Plaintiff's Service of Demand for Discovery" which attached requests for production of documents. (Doc. 55)

1

3.      On October 2, 2019, former counsel for Defendants mailed to Plaintiff the Objections and Responses to Plaintiff's Requests for Production of Documents. See Defendants' Exhibit A. Subsequently, former counsel arranged for Plaintiff to review the items responsive to his requests to which no objection had been raised through his correctional institution.

4.      On October 17, 2019, former counsel filed a Motion to Strike Plaintiff's Motion for Judicial Notice as improperly presenting discovery requests through a filing and for raising unsubstantiated allegations against counsel. (Doc. 56)

5.      On October 25, 2019, Plaintiff reviewed documents and video evidence responsive to his requests for production. See Defendants' Exhibits B and C.

6.      On October 28, 2019, Plaintiff filed a document which included a Reply to Defendants' Motion to strike withdrawing his previous Motion, and a Motion to Compel Discovery Items. (Doc. 59) In the Motion to Compel, Plaintiff challenges the responses/objections and documents provided in response to requests numbered 1, and either 17A or 17B. Id.

7.      On October 30, 2019, Plaintiff reviewed, for a second time, the documents and video evidence responsive to his requests for production. See Defendants' Exhibits B and C.

8.      On November 19, 2019, this Court issued an Order for Defendants to Respond

to Plaintiff's Motion to Compel. (Doc. 60) Following a request for extension of time (Doc. 62) due to the reassignment of this case from former counsel to undersigned, which was granted (Doc. 63), this Response now follows.

## MEMORANDUM OF LAW

I. **Plaintiff's Motion to Compel should be denied for failure to confer.**

Plaintiff's Motion to Compel should be denied because he failed to confer before filing it. The Federal Rules of Civil Procedure require that a party confer with the opposing party before moving to compel discovery. See Fed. R. Civ. P. 37(a). Even though Plaintiff is a *pro se* litigant, he is still obligated to comply with the relevant laws and rules of court, including the Federal Rules of Civil Procedure. McNeil v. United States, 508 U.S. 106, 113 (1993)[1].

Further, this Court's Scheduling Order (Doc. 44) in this action provided:

> Counsel and pro se parties must attempt to resolve discovery-related issues without the court's intervention. The court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. Any motion to compel must include certification that such attempts have been made, in accordance

---

[1] (explaining that the Court "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."). *See* also Smith v. Mercer, 572 Fed. App'x 676, 678 (11th Cir. 2014) (*pro se* litigants must comply with the Federal Rules of Civil Procedure and applicable local rules); Moon v. Newsome, 863 F. 2d 835, 837 (11th Cir. 1989) (finding that *pro se* litigants, like any other litigant, must comply with the Rules).

with Fed. R. Civ. P. 37, and must be in the form required by Local Rule 26.1(D).

In this case, Plaintiff filed his Motion to Compel only three days after reviewing the items responsive to his requests for production. Compare Defendants' Exhibits B-C; Doc. 59. Undersigned can find no evidence that Plaintiff made any attempt to confer with former counsel prior to filing his Motion. Further, as Plaintiff is an incarcerated pro se party, his only available means of communication with counsel for Defendants for conferral purposes is via letter, which would not have been received by counsel prior to the filing of his Motion even if he had sent one immediately upon review of the responsive discovery items. Accordingly, Plaintiff has failed to meet the requirements of both this Court's Scheduling Order (Doc. 44) and applicable Federal and Local rules, and should be denied.

## II.   Alternatively, Plaintiff's Motion to Compel should be denied on the merits.

Even if Plaintiff had conferred with counsel for Defendants prior to filing his Motion to Compel, his Motion is subject to denial on the merits. Plaintiff's sole allegations relate to Defendants' alleged failure to provide discovery in response to request number 1, and failure to provide alternative video camera evidence in response to requests numbered 17A and/or 17B.

As to request number 1, Plaintiff is correct that no responsive documents were provided to his request for Defendants' employee disciplinary files, as valid

objections were raised. To the extent that Plaintiff's Motion could be construed as challenging those objections, where Plaintiff states that he requested said items "to produce evidence of Defendants' reputation/propensity of violence," such is explicitly prohibited by FRE 404, as mentioned in Defendants' objections.  The Eleventh Circuit has specifically rejected the use of prior bad act evidence for the purpose of establishing an individual officer's "pattern or practice" of the use of excessive force: "Evidence of a pattern or practice of excessive force may [be] relevant in establishing liability against [a municipality]" however "introducing this evidence to prove [an individual officer] characteristically engaged in the use of excessive force and acted in conformity with that characteristic ... is precisely the inference that Rule 404(b) will not allow." Luka v. City of Orlando, 382 F. App'x 840, 842 (11th Cir.  2010); see also Thompson v. Boggs, 33 F.3d 847, 855 (7th Cir. 1994); Berrios v. City of Philadelphia, 2015 WL 12838826, at *1 n. 1 (E.D. Penn. Sept. 30, 2015). Accordingly, Plaintiff's Motion to Compel should be denied as to request number 1.

As to requests numbered 17A and/or 17B, Plaintiff sought video camera evidence for an incident occurring on August 18, 2015. (Doc. 55 at 5) Defendants produced both handheld and fixed-wing videos from that incident for Plaintiff to review on both October 25 and 30, 2019. See Defendants' Exhibits B-C. In Plaintiff's Motion to Compel, his sole allegation is that he has not been provided

5

with footage from an alternative camera in the area and is seeking footage of the other angle. However, Defendants requested all footage of Plaintiff for August 18, 2015 pertaining to that incident which had been retained by the Florida Department of Corrections and provided Plaintiff two opportunities to review all such footage that was provided to them in response to that request, which is all footage that is in Defendants' possession. Accordingly, there is nothing further to compel from Defendants as they have no other responsive items in their possession after making a request for all responsive footage to the custodians of said footage.  As such, Plaintiff's Motion to Compel should be denied as to requests 17A and/or 17B.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Compel, (Doc. 59), be denied.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Kristen J. Lonergan
Kristen J. Lonergan
Assistant Attorney General
Florida Bar No. 125556
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Kristen.Lonergan@myfloridalegal.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was e-filed electronically through CM/ECF on December 10, 2019 and furnished by U.S. Mail to: Gerrard D. Jones, DOC# 503034, Dade Correctional Institution, 19000 S.W. 377th Street, Florida City, Florida 33034-6409, on December 10, 2019.

/s/ Kristen J. Lonergan
Kristen J. Lonergan
