UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERRARD D. JONES,

    Plaintiff,

v.                                                Case No. 3:18-cv-155-MCR/MJF

SCHWARZ, *et al.*,

    Defendants.
_____/

## ORDER

This matter is before this court on Plaintiff's "Motion to Stop Sgt. Texiera From Tearing Up my Legal Papers." (Doc. 114).

In his motion, Plaintiff alleges that Texiera has been threatening Plaintiff and directing Plaintiff to move to dismiss this civil action. Texiera also purportedly intercepted legal documents that were intended to be filed in this case.

Rule 65(d)(2) of the Federal Rules of Civil Procedure provides that every injunction order binds only "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone in Rule 65(D)(2)(A) or (B)." In other words, a party from whom injunctive relief is sought generally must be a party to the underlying action. Fed. R. Civ. P. 65(d)(2)(A)-(C); *Infant Formula Antitrust Litig.*, *MDL 88 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995) (finding that the court

lacked subject matter jurisdiction over the motion for injunctive relief because it involved a non-party); *Merritt v. Godfrey*, No. 3:13-cv-607-LAC-EMT, 2015 WL 5439306, at *8 (N.D. Fla. 2015) (unpublished) (denying injunctive relief because Florida's DOC from which the plaintiff wanted injunctive relief was not sued, only prison officials in their individual capacities had been sued).

Here, Texiera is not a party to the underlying suit. The Florida Department of Corrections also is not a party to the underlying lawsuit. Finally, Plaintiff has not shown that Texiera was in "active concert or participation" with Defendants in violating an injunctive order. *Havens v. James*, 435 F. Supp. 3d 494, 504 (W.D.N.Y. 2020); *see Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 91 F.3d 914, 919-20 (7th Cir. 1996) (noting that "parties otherwise without an injunction's coverage may subject themselves to its proscriptions should they aid or abet the named parties in a concerted attempt to subvert those proscriptions"); *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 36 (S.D.N.Y. 2015) (noting that "general applications of Rule 65 . . . have noted that 'active concert or participation' exists if the third party 'aided and abetted' the party subject to the injunction"). Therefore, this court cannot grant the relief that Plaintiff requests in his motion. If Plaintiff desires to seek relief regarding conduct by Texiera, Plaintiff should file a civil action in the United States District Court for the Middle District of Florida regarding Texiera's alleged misconduct occurring at the Tomoka Correctional Institution.

This court, however, will send a notice to Warden Daiquiri D. Duncan at Tomoka Correctional Institution. This action is merely a notification to the appropriate official and not a determination of the veracity or merits of the allegations contained in Plaintiff's motion. The clerk of the court shall confirm that such notification was received and make an entry on the docket reflecting that such notification was sent and received. The undersigned has adopted this procedure simply as an expedient means of communication, and orders made pursuant to this procedure are not intended as directives, nor as any sort of ruling on the merits.

Accordingly, it is **ORDERED**

1. Plaintiff's "Motion to Stop Sgt. Texiera From Tearing Up my Legal Papers" (Doc. 114) is **DENIED**.

2. The clerk of the court is directed to immediately transmit, via email and/or facsimile, a copy of Plaintiff's motion and this order to Warden Daiquiri D. Duncan at Tomoka Correctional Institution.

**SO ORDERED** this 3rd day of September, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**