IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GERRARD D. JONES**
**DOC # 503034**,

     Plaintiff,

v.                                          Case No. 3:18-cv-155-MCR/MJF

**SCHWARZ, ET AL.**,

     Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO DEFENSE WITNESS LIST AND PLAINTIFF OFFER TO WAIVE TRIAL VIA JUDGMENT ON POLYGRAPHS (DOC. 128)

Defendants Schwartz, Denmon, Goldhagen, Beaudry, and Pogue, ("Defendants"), by and through undersigned counsel, respond to Plaintiff's "Objection to Defense Witness List and Plaintiff Offer to Waive Trial via Judgment on Polygraphs." (Doc. 128) Defendants request that this Court deny Plaintiff's Motion and state the following in support thereof:

Plaintiff has filed a Civil Rights Complaint under 42 U.S.C. § 1983 against Defendants. (Doc. 1) Plaintiff's Fourth Amended Complaint is the operative complaint. (Doc. 20).

On May 15, 2019, service was conducted on a defendant who had previously only been identified by the Plaintiff as "Officer Beaudry." (Docs. 20, 45) Service

1

was conducted on Officer John Beaudry via a person of suitable age and discretion then residing in defendant's usual place of abode, with service being conducted via Wanda Beaudry at Officer Beaudry's address. (Doc. 45)

Due to a scrivener's error, Defendant Beaudry's name was subsequently written as Wanda rather than John in Defendant's filings. Plaintiff failed to raise any question regarding the identity of the Defendant at any time.

On October 30, 2019, during discovery, Plaintiff was given an opportunity to review the Use of Force Report related to his case which identifies John Beaudry as a participant. (Doc. 64-3) Plaintiff again did not raise any issue regarding the name, identity, or gender of the Defendant.

Due to copy and paste errors, the Defendant continued to be referred to as "Wanda" in subsequent filings when the case was reassigned to undersigned following the departure of former defense counsel from the case. In Defendants' Motion for Summary Judgment, Plaintiff's disciplinary report clearly identified the witness to the incident as "Officer J. Beaudry." Plaintiff again raised no issue regarding the name, identity, or gender of the Defendant.

In Defendant's Witness List, the scrivener's error was finally identified and corrected, with John Beaudry being listed as a Defendant to be called as a witness. (Doc. 127 at 5) Plaintiff has now filed his "Objection to Defense Witness List" in which Plaintiff states:

> Regarding the Defendants (Doc. 127) witness list [at] page #5, they list a 'Defendant' as '<u>John Beaudry</u>.' However, in Doc. 61-1 see clearly that a '<u>Wanda</u> Beaudry' (a lady) was served as Defendant and Plaintiff has <u>not</u> been told that there was been a '<u>John</u>' Beaudry added as an extra Defendant. So, Plaintiff objects and seeks belated info/discovery/opportunity to file request for admission/interrogatories/deposition of 'John' Beaudry, (who is he?)

(Doc. 128 at 1) Plaintiff is clearly attempting to take advantage of a scrivener's error which he had ample opportunity to raise throughout the pendency of this case in order to obtain late discovery. Plaintiff would have this Court believe that he assumes that Wanda Beaudry is a female, but never raised this issue before with the Court despite having personal knowledge that the officer involved in the use of force that is being challenged was male. If Plaintiff believes that John Beaudry should not be a defendant to this action, Defendant is more than willing to have this Court dismiss John Beaudry from the case and he will testify as a witness rather than as a defendant. However, should Plaintiff insist that Wanda rather than John Beaudry continue as the Defendant, Defendants would further seek dismissal of Wanda Beaudry as a party to the case considering she is a relative of John Beaudry and not at all involved in the incidents at issue, having solely been involved as the person of suitable age on which service for John Beaudry was conducted.

To the extent that Plaintiff seeks to waive trial and have the case determined based on polygraph testing, Defendants obviously decline. See <u>U.S. v. Scheffer</u>, 118 S. Ct. 1261 (1998) (discussing the questionable reliability of polygraph testing as evidence).

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that Plaintiff's Objection be denied.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Kristen J. Lonergan
Kristen J. Lonergan
Assistant Attorney General
Florida Bar No. 125556
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Kristen.Lonergan@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was e-filed electronically through CM/ECF on December 16, 2021 and furnished by U.S. Mail to: Gerrard D. Jones, DOC# 503034, Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, Florida 32124-1098, on December 16, 2021.

/s/ Kristen J. Lonergan
Kristen J. Lonergan