UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERRARD D. JONES,

    Plaintiff,

v.                                Case No. 3:18-cv-155-MCR/MJF

SCHWARZ, *et al.*,

    Defendants.
_____/

## ORDER

Plaintiff Gerrard D. Jones, proceeding *pro se*,[1] brought this action under 42 U.S.C. § 1983, claiming that five correctional officers violated his constitutional rights. Specifically, he claims that the officers used excessive force in violation of the Eighth Amendment and/or failed to intervene and protect him from excessive force. Doc. 20 at 17. Plaintiff asserts that Defendants engaged in spoliation of relevant evidence and seeks an adverse-inference jury instruction. Defendants have responded in opposition. For the reasons set forth below, Plaintiff's motion is denied.

---

[1] At the time he filed the complaint, Jones was a prisoner in the custody of the Florida Department of Corrections ("FDC"). On or about December 30, 2021, the FDC released Jones. Doc. 130 at 1.

I. BACKGROUND

In August 2015, the FDC confined Plaintiff Gerrard Jones ("Jones") at the Santa Rosa Correctional Institution Annex ("Santa Rosa C.I."). Jones alleges that on August 18, 2015, five Defendants—Schwarz, Goldhagen, Denmon, Beaudry, and Pogue—used excessive force on him and failed to intervene/protect Jones from the excessive use of force. Specifically, Jones alleges that these Defendants threw him to the ground; choked him; "hog-tied" him; tried to break his hands, wrists, and ankles; and inserted a metal object into his rectum. Doc. 20 at 9-11.

Plaintiff alleges that in his dormitory at Santa Rosa C.I., the FDC had a fixed-wing camera that pointed directly into his cell and recorded the use of force incident. Additionally, Plaintiff alleges that Defendants were under an affirmative duty to videotape the use of force because it was an "organized use of force."

During the discovery process, Defendants provided Plaintiff video evidence from a handheld camera, one fixed-wing camera in the dorm at Santa Rosa C.I., and other videos of Plaintiff's medical care and placement in confinement after the use of force incident.

Plaintiff asserts two bases for his claim of spoliation: (1) the failure to create video footage of Defendants' use of force via a handheld camera; and (2) the alleged destruction of video footage derived from a wall-mounted camera located across from the room where Defendants allegedly attacked Plaintiff. Doc. 118 at 2.

## II. DISCUSSION

Spoliation is the "intentional destruction and meaningful alteration of a document or instrument." *Se. Mech. Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1299 (M.D. Fla. 2009) (citing *Green Leaf Nursery v. E.I. Dupont De Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003)); *see Kraft Reinsurance Ireland, Ltd. v. Pallets Acquisitions, LLC*, 845 F. Supp. 2d 1342, 1358 (N.D. Ga. 2011) ("Spoliation is the destruction . . . of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.") (citation omitted). A federal court may impose sanctions on a party for spoliation of evidence, including permitting the "trier of fact to draw an inference that, if evidence was destroyed in bad faith, the evidence would have been unfavorable to the party responsible for its destruction." *Watson v. Edelen*, 76 F. Supp. 3d 1332, 1343 (N.D. Fla. 2015) (first citing *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997); then citing *Brewer v. Quaker State Oil Refin. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995); then citing *Coates v. Johnson & Johnson*, 756 F.2d 524, 551 (7th Cir. 1985)).

**A.**     **<u>Defendants' Failure to Create Handheld Video Footage</u>**

Plaintiff asserts that Defendants engaged in spoliation when they failed—at the time of the use of force incident—to create video evidence with a handheld camera. The parties dispute whether the use-of-force event was an "organized use of force" or a "reactionary use of force" under the applicable FDC regulation. Even if

the use of force fell within the definition of a "organized use of force" and was required to be recorded under the applicable FDC regulation, the failure to comply with this applicable prison regulation to create evidence is not sanctionable as spoliation. *Bailey v. NDOC*, No. 2:19-CV-0057GMN-EJY, 2021 WL 1124337, at *2 (D. Nev. Feb. 2, 2021) ("A document that never existed cannot be spoliated."); *Lamon v. Adams*, No. 1:09-CV-00205-LJO, 2015 WL 1879606, at *3 (E.D. Cal. Apr. 22, 2015) (holding that a prison's failure to follow a prison regulation and create a video-taped interview post-use of force was not spoliation); *see Ortiz v. City of Worcester*, No. 4:15-cv-40037-TSH, 2017 WL 2294285, at *3 (D. Mass. May 25, 2017); *Ayers v. Sheetz, Inc.*, No. 3:11-cv-00434, 2012 WL 5183561, at *4 (S.D. W. Va. Oct. 18, 2012). Because there was no spoliation in this respect, this court cannot grant Plaintiff the relief he requests in his motion.

### B. Alleged Destruction of Fixed-Wing Camera Footage

Plaintiff also asserts that Defendants committed spoliation when they failed to provide video evidence from a fixed-wing camera that purportedly pointed into Plaintiff's cell. Plaintiff states that this fixed-wing camera video would have shown:

- Plaintiff cooperating with Defendants and offering to submit to being handcuffed;

- Defendant Goldhagen engaging in an unprovoked use of force;

- Defendants using force against Plaintiff after he submitted to hand restraints; and

- Defendant Goldhagen inserting a metal object into Plaintiff's rectum.

Doc. 118 at 3-4 ¶¶ 8-15.

"Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (citing *Brewer*, 72 F.3d at 334). Once a party establishes that spoliation occurred, courts consider five factors in determining whether spoliation sanctions are warranted:

> (1) whether the [party seeking sanctions] was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the [spoliating party] acted in good or bad faith; and (5) the potential for abuse [if a sanction is not imposed].

*Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005); *see also, e.g.*, *Graff v. Baja Marine Corp.*, 310 Fed. App'x. 298, 301 (11th Cir. 2009).

### 1. *Plaintiff Failed to Establish that the Alleged Video Evidence Exists*

In his verified fourth amended complaint, Plaintiff states that the FDC had a fixed-wing camera pointed directly into his cell, and that this camera recorded Defendants' use of force on August 18, 2015. Doc. 20 at 16 ¶ 51; Doc. 118 at 2 ¶¶ 4-5. Plaintiff also asserts that the fixed-wing camera can be seen in the handheld

camera footage provided by Defendants in support of their motion for summary judgment. Doc. 118 at 5-6 ¶¶ 19-20.

For their part, Defendants provided an affidavit from the Assistant Warden of Programs at Santa Rosa C.I., Jessica Santaigo. Doc. 72-1. Santiago states that there is no camera pointing into Plaintiff's cell. *Id.* at ¶ 3. Additionally, she states that all "existing footage from the dormitory cameras which do exist, and which was retained related to [the] incident has already been provided" to Plaintiff. *Id.*

This court has reviewed Defendants' Exhibit D and E to their motion for summary judgment. Exhibit D is a CD that appears to contain video footage recorded by the handheld camera on August 18, 2015. This video recording shows correctional staff removing Plaintiff from his cell and escorting Plaintiff to a post-use-of-force examination. Exhibit E is a CD that contains video footage from a fixed-wing camera in Plaintiff's dorm apparently as the use-of-force incident occurred on August 18, 2015.

At approximately eight seconds into the handheld video evidence (Exhibit D), correctional staff are escorting Plaintiff down a flight of stairs. In this video footage, there is some item visibly affixed to the wall of the dorm. Although this court cannot identify the item precisely, this court will assume for the purpose of Plaintiff's motion that this item is a fixed-wing camera. Notably, this camera appears to be pointed away from the staircase and towards the lower level of the dorm.

In the video footage recorded on the fixed-wing camera that Defendants provided (Exhibit E), it is clear that Plaintiff's cell was located on the second floor of the dormitory. It also appears to be located at the top of the staircase near the corner of the dorm. In other words, it is not directly across from the fixed-wing camera seen in the handheld video evidence. Indeed, the fixed-wing camera does not point in the same direction as Plaintiff's cell. Rather, it points away from Plaintiff's cell.

Because the fixed-wing camera across from Plaintiff's cell *was not* pointed towards Plaintiff cell—much less directly into Plaintiff's cell—it necessarily could not have recorded the use-of-force incident as Plaintiff alleges. Rather, it only would have recorded events as Plaintiff was escorted out of the dorm. Thus, Plaintiff has failed to show that the alleged video evidence—as described in his motion—ever existed. *See Se. Mech. Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1299 (M.D. Fla. 2009) (noting that a plaintiff must show that the evidence existed at one time) (citing *Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006)); *Wooden v. Barringer*, No. 3:16-CV-446-MCR-GRJ, 2017 WL 5140518, at *5 (N.D. Fla. Nov. 6, 2017). A court cannot grant sanctions for spoliation of evidence unless and until a litigant establishes that spoliation occurred. Plaintiff has failed to establish that spoliation even occurred. For this reason alone, this court must deny Plaintiff's motion.

## 2. *The First Three Flury Factors*

Even if Plaintiff had shown that spoliation had occurred, he has failed to demonstrate that he is entitled to sanctions for the alleged spoliation. Plaintiff has not shown that the first three *Flury* factors weigh in his favor. As discussed above, even assuming the item mounted on the wall is a fixed-wing camera, it did not point directly in Plaintiff's cell. At most, this camera would have recorded Defendants escorting Plaintiff from the dorm.[2] Video evidence from various cameras—including one fixed-wing camera in the dorm and a handheld video camera—show Defendants escorting Plaintiff from his cell to the medical wing. Plaintiff does not allege that Defendants used excessive force after they removed Plaintiff from his cell. Thus, a video recording of events that transpired outside of Plaintiff's cell would have been largely irrelevant to Plaintiff's claims. Plaintiff has failed to establish the practical importance—if any—of the alleged video evidence that the FDC allegedly destroyed or failed to disclose. Plaintiff also has not established that he was

---

[2] Even if the court were to accept Plaintiff's allegation that this camera recorded Defendants' alleged use of excessive force, Plaintiff has not alleged that the video recording would show something that is not evidenced by another evidentiary source, for example, Plaintiff's own extremely-detailed description of the relevant events and his medical records. A court in this District previously has found that in such instances the moving party has failed to establish "videos were important, that their destruction prejudiced him, or that any prejudice cannot be cured." *Watson*, 76 F. Supp. 3d at 1350.

prejudiced by the alleged destruction of this video recording. For these reasons, too, this court must deny Plaintiff's motion for sanctions.[3]

### III. CONCLUSION

Accordingly, it is **ORDERED**:

Plaintiff's motion "for an order/sanction regarding 'spoliation of evidence' (bad faith)" is **DENIED** without prejudice**.**

**SO ORDERED** this 24th day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[3] Of course, during the impending trial, if Plaintiff is able to establish that Defendants committed spoliation of evidence, he is free to renew his motion for sanctions.