UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSCAOLA DIVISION

**GERRARD D. JONES,**
    **Plaintiff,**

v.                                               **CASE NO. 3:18cv155-MCR-MJF**

**SCHWARZ, et al.,**
    **Defendants.**
_____/

## ORDER

    Plaintiff, an inmate in the custody of the Florida Department of Corrections, currently incarcerated at the Hillsborough County Jail in Tampa, Florida, seeks relief under 42 U.S.C. § 1983 against five corrections officers, for alleged excessive force in violation of the Eighth Amendment and/or failed to protect him from excessive force and that these officers retaliated against him in violation of the First Amendment, on August 18, 2015, while Plaintiff was an inmate at the Santa Rosa Correctional Institution Annex. ECF No. 20. Defendants' motion for summary judgment was granted in part and denied in part, and the case is ready to proceed to trial. ECF No. 105. Pending is Plaintiff's Motion for Appointment of Counsel for Jury Trial Preparation and Trial[1]. ECF No. 147.

---

[1] This Court had previously granted in part and denied in part Plaintiff's Motion for Appointment of Counsel, ECF No. 109; however, no attorney was available to represent the Plaintiff.

The *in forma pauperis* statute provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although a civil plaintiff has no constitutional right to the appointment of counsel, *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999), the Court may appoint counsel in a civil case on a showing of "exceptional circumstances." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotations omitted). Several factors may be considered, such as the type and complexity of the case, whether the litigant is capable of presenting his case, and whether the appointment of counsel will aid the court and assist in a just determination, among others. *See Ulmer v. Chandler,* 691 F.2d 209, 213 (5th Cir. 1982). The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. *Kilgo*, 983 F.2d at 193. No single factor is determinative. *See Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 (11th Cir. 2013).

Here, the record shows that although the issues in the case are not overly complex, it would be difficult for Plaintiff to adequately present the case at trial. Plaintiff states he has been receiving psychotropic medication since 2012 but recently has not been able to obtain his medications which resulted in his abuse of alcohol. Therefore, counsel would greatly aid the administration of justice and the efficiency and fairness of trial. However, because the Court does not have the

CASE NO. 3:18cv155-MCR-MJF

authority to require an attorney to represent an indigent litigant in a civil case, *see Mallard v. The United States District Court for the S.D. Iowa*, 490 U.S. 296, 301-02 (1989), the Court will request representation for Plaintiff through the Court's electronic filing system.

Accordingly:

1. Plaintiff's Motion to Appoint Counsel for Jury Trial Preparation and Trial, ECF No. 147, is DENIED; however, the Clerk of Court is directed to select an attorney from the appropriate divisional Volunteer Lawyers' Project panel for designation in this case, if available.

2. If panel designation is not available, the Clerk is directed to publish on the Court's public website an announcement of pro bono opportunity pertaining to this case. The announcement must state:

> This is a notice of an opportunity to provide pro bono representation in a case ready to be set for jury trial in Pensacola. The case is *Jones v. Schwarz, et al.*, Case No. 3:18cv155-MCR-MJF.
>
> Plaintiff, an inmate in the custody of the Florida Department of Corrections, currently incarcerated at the Hillsborough County Jail in Tampa, Florida, seeks relief under 42 U.S.C. § 1983 against five corrections officers, for alleged excessive force in violation of the Eighth Amendment and/or failed to protect him from excessive force and that these officers retaliated against him in violation of the First Amendment, on August 18, 2015, while Plaintiff was an inmate at the Santa Rosa Correctional Institution Annex. Defendants' motion for

summary judgment was granted in part and denied in part, and the case is ready to proceed to trial.

Public funds are not available for payment of attorney's fees. Fees may be recoverable under applicable law if plaintiff ultimately prevails. *See* 42 U.S.C. § 1988. Limited funds sometimes are available from the district's Bench and Bar Fund for payment of out-of-pocket expenses incurred by attorneys providing representation of this type.

Members of the District's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation. Any attorney who wishes to provide representation should contact Plaintiff directly and may enter the case by filing a notice of appearance. If counsel appears, the Court will hold a scheduling conference by telephone.

Any attorney who wishes to appear should file a notice of appearance by May 20, 2023.

3. The Clerk is directed to send this Order to all members of the Court's bar who receive electronic noticing. Interested attorneys should contact Plaintiff directly.

4. The Clerk is directed to refer the file to the undersigned 30 days following public website publication or upon appearance of counsel on behalf of Plaintiff, whichever occurs first.

**DONE AND ORDERED** this 21st day of April 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:18cv155-MCR-MJF