UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERRARD D. JONES,

    Plaintiff,

v.

SCHWARZ, *et al.*,

    Defendants.

Case No. 3:18-cv-155-MCR-MJF

**PLAINTIFF'S *UNOPPOSED* MOTION FOR LEAVE
TO SERVE SUBPOENAS OUT OF TIME**

Pursuant to Rule 16(b)(4), Plaintiff Gerrard Jones moves this Honorable Court for an order permitting the issuance of a Rule 45 subpoena to the Florida Department of Corrections and Tech Care X-Ray, LLC notwithstanding the close of discovery. [D.E. 54]. In support thereof, Plaintiff states:

**I.    BACKGROUND**

Mr. Jones, then proceeding *pro se*, filed this action against five correctional officers for a violation of his civil rights while incarcerated at Santa Rosa Correctional Institution. [*See* D.E. 20]. On April 21, 2023, the Court ordered the Clerk to publish an online request for counsel to represent

Mr. Jones. The Court noted—according to Mr. Jones—that he "has been receiving psychotropic medication since 2012 but recently has not been able to obtain his medications which resulted in his abuse of alcohol. Therefore, counsel would greatly aid the administration of justice and the efficiency and fairness of trial." [D.E. 150]. Undersigned counsel subsequently filed notices of appearance and are jointly representing Mr. Jones. [D.E. 151, 152].

Defense counsel has promptly begun providing Mr. Jones's new counsel with the discovery produced in this case and defense trial exhibits. [D.E. 127]. Counsel for the respective parties are cooperating to ensure that Mr. Jones's counsel has all the documents and records that Defendants intend to rely on at trial in this case.

Notwithstanding defense counsel's cooperation in providing existing discovery and its trial exhibits, Mr. Jones's counsel believe—to provide him with a full and fair opportunity to present his case at trial—discovery needs to be supplemented *to a limited degree*. Specifically, Mr. Jones would ask the Court for leave to permit the issuance of two Rule 45 subpoenas to Florida Department of Corrections and an outside radiology company for the documents identified below. Defendants do not oppose this requested relief.

Mr. Jones would respectfully request leave to seek the following documents to aid in his preparation for trial:

1. <u>Logs, rosters and other lists identifying all inmates in L-Dorm, the unit where Plaintiff was housed when the incident that is the subject of this lawsuit occurred</u>. In his pretrial witness list [D.E. 120], Mr. Jones listed "all the inmates in L-Dorm on 8-18-15," but without further specificity. [*Id.* at 3.] With names and DC numbers of the inmates, Mr. Jones's new counsel would *speedily* attempt to locate and interview these people as potential witnesses, to testify as to what they heard during Mr. Jones's encounter with the Defendants. Mr. Jones, who is black, has pleaded that Defendant Goldhagen proudly identified himself as a KKK member and subjected Mr. Jones to racist taunts and threats prior to the incident. [D.E. 20]. Other inmates would presumably testify to their knowledge of Goldhagen's racist bias.

2. <u>Color photographs of the defendants</u>. These photos would be used by Mr. Jones's counsel to interview witnesses who may not know or remember the names of the defendant-officers but might recognize them in a photograph.

3. <u>Duty rosters for L-Dorm for a period of August 14-21, 2015</u>. Defendants' witness list includes numerous corrections officers in addition to the Defendants. [D.E. 127]. Duty rosters would assist Mr. Jones in understanding the involvement of some of those witnesses in this matter.

4. <u>Higher quality fixed wing video and audio recordings from the morning of the incident</u>. Defense counsel provided video of L-Dorm and J-Dorm—the former where the incident occurred, and the latter where Mr. Jones was subsequently brought the morning of the incident for special confinement. The videos are extremely low quality. Defense counsel has taken the position that FDC is unlikely to have better quality videos but does not oppose Mr. Jones's request to FDC to determine whether such better-quality fixed-wing footage might exist. To the extent there is higher resolution fixed-wing video, such footage would provide a better picture of the events that transpired on the date of the incident and would be more meaningful to present to the jury, as opposed to the low-quality video currently in the parties' possession.

5. <u>The complete personnel files for the defendants; Use Of Force ("UOF") Participant Advisories for Defendants; and Management Information Notification System ("MINS") Incident Reports regarding the Use Of Force</u>. Defense counsel has already provided MINS Incident Reports and the UOF reports for this incident. However, to the extent other MINS Incident Reports or supplemental documents exist, Mr. Jones would request leeway to request those documents from FDC in an abundance of caution. No UOF

Participant Advisories were produced, which—if they exist—could be used to show motive, intent, or bias on behalf of the Defendants.

6. <u>Complete medical records, including x-ray films and passes</u>. Defendants have provided Mr. Jones's medical records in their possession, but Mr. Jones would request permission to seek *all* his medical records from FDC from the period of September 2014 through October 2016. The medical records provided do not contain X-ray films, nor do they contain Mr. Jones's medical passes. A radiology report from September 3, 2015 shows that Mr. Jones' right hand was fractured, which Mr. Jones claims was due to the subject incident exactly two weeks prior to the X-rays. Such X-rays would help corroborate Mr. Jones' claim of excessive use of force. A December 2014 radiology report indicates that Mr. Jones had "rotator cuff pathology." Mr. Jones' ongoing shoulder issues would help show that Mr. Jones was less of a physical threat than Defendants will claim, corroborating the excessiveness of the force used against him. The records also show that Mr. Jones had a front cuff pass on December 23, 2014, set to expire October 17, 2015—after the subject incident. But the pass itself, usually issued by a clinician, is nowhere in the provided records. Moreover, Mr. Jones pleaded that a front cuff pass was also issued to him upon arrival at Santa Rosa C.I. [D.E. 20 at 14]. That pass is also not found in the current medical records.

5

Defense counsel has agreed to inquire into such passes. However, these documents are important to Mr. Jones's theory of the case and Mr. Jones would request leave to subpoena FDC and the outside radiology provider—Tech Care X-Ray—to obtain these documents.

7. <u>Electronic communications in FDC's custody</u>. Finally, Mr. Jones has been provided JPay messages and call recordings as referenced on Defendants' exhibit list but was not provided any internal FDC communications concerning him or the claims asserted in the case. Defendants do not possess such communications. Mr. Jones would request that he be permitted to seek any such communications from FDC.

As stated below, Plaintiff believes that good cause exists for his request to briefly reopen discovery for the limited purpose of issuing subpoenas to the Florida Department of Corrections and Tech Care X-Ray to seek the above 7 categories of documents. Defendants do not oppose this requested relief.

## II.   MEMORANDUM OF LAW[1]

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good

---

[1] Although Local Rule 7.1(G) does not require supporting memoranda of law for unopposed motions, Mr. Jones provides brief argument supporting his requested relief.

6

cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Here, Mr. Jones—who was incarcerated for much of this litigation and is now detained in jail—obtained counsel three weeks ago and well after the close of discovery in this case. The case is ready for trial [D.E. 135], but the Court has not yet entered an order scheduling trial. Given that there is no scheduled trial and given that there are serious gaps in the documents available to Mr. Jones and his counsel to adequately prepare for trial, Mr. Jones respectfully requests that the Court grant leave to permit this limited discovery.

## III.  CONCLUSION

For all the foregoing reasons, Mr. Jones has shown good cause to reopen discovery for the limited purpose of issuing a subpoena to the Florida Department of Corrections for the documents and records identified above as well as a subpoena to Tech Care X-Ray, LLC for Mr. Jones's X-ray films, in the event they are not in the possession of FDC. The evidence requested is important to the resolution of this case and there is sufficient time to obtain these records from the Department and resolve any ancillary issues or objections, especially given that trial is not yet scheduled.

Accordingly, Plaintiff respectfully requests that the Court grant this motion and permit Plaintiff leave to issue Rule 45 subpoenas to Florida Department of Corrections and Tech Care X-Ray, LLC for the records identified in numbered paragraphs 1-7 in Section I above.

Dated: May 26, 2023.

Respectfully submitted,

SLATER LEGAL PLLC

*/s/ James M. Slater*
James M. Slater
Florida Bar No. 111779
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel: (305) 523-9023

-and-

THE TARJAN LAW FIRM P.A.

*/s/ Joshua Tarjan*
Joshua Tarjan
Florida Bar No. 107092
12372 SW 82 Avenue
Pinecrest, FL 33156
josh@tarjanlawfirm.com
Tel: (305) 423-8747
Cell: (323) 243-3186
Fax: (786) 842-4430

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: */s/ James M. Slater*
James M. Slater

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(B), Plaintiff's counsel has conferred in good faith with counsel for Defendants by email on May 22-24, 2023. Counsel for Defendants stated that they did not object to the relief requested herein.

By: */s/ James M. Slater*
James M. Slater

9

## CERTIFICATION PURSUANT TO L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 1,750 words, inclusive of headings but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater