UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERRARD D. JONES,

      Plaintiff,

v.

SCHWARZ, *et al.*,

      Defendants.

Case No. 3:18-cv-155-MCR-MJF

## JOINT MOTION FOR LEAVE TO AMEND PRETRIAL DOCUMENTS SUBJECT TO COURT'S PERMISSION TO PERMIT DISCOVERY

Pursuant to Rule 16 and the Court's inherent power to manage its docket, the parties jointly move for permission to amend their pretrial statements, witness lists, and exhibit lists (Docs. 120 & 127), *to the extent* the Court permits Plaintiff leave to seek additional discovery materials as set forth in his contemporaneously filed *unopposed* motion for leave to serve subpoenas out of time. (Doc. 153). In the event the Court permits Plaintiff to seek limited discovery materials in the custody of the Florida Department of Corrections (FDC) and its contracted radiology company, the parties would request that they have an opportunity to amend their pretrial documents to supplement them with information provided by these nonparties. As grounds, the parties state:

### I.      BACKGROUND

1.      This lawsuit was initiated by Plaintiff, then *pro se*, while in the custody of FDC involving allegations of conduct in violation of the First and Eighth Amendments, among other things. (*See*, *generally*, Doc. 1).

2.      The parties engaged in discovery in this case while Plaintiff was acting *pro se*, and ultimately certain defendants moved for summary judgment which was granted in part, leaving intact Eighth Amendment claims as to force after the *initial use of force* against Plaintiff. (Docs. 102 & 105).

3.      Since then, Plaintiff has retained counsel. (Docs. 151 & 152).

4.      After appearing in this case, defense counsel have cooperated in providing discovery materials and defense exhibits to Plaintiff's counsel.

5.      However, Plaintiff's counsel have identified several categories of documents which were not part of the discovery in this case, which Plaintiff believes will be important to supporting his claims at trial in this case.

6.      To the extent the Court permits Plaintiff to seek additional limited discovery from FDC and its radiology contractor to prepare for trial, the parties believe it would be in their respective interests, and in the

interest of fairness, to supplement their pretrial narratives, exhibit lists, and witness lists, to the extent necessary.

7.      For these reasons, to the extent the Court grants Plaintiff's *unopposed* motion for leave to conduct limited additional discovery, the parties would request that the Court permit supplementation of their pretrial documents within 30 days after nonparty compliance with such discovery requests.

## II.      MEMORANDUM OF LAW[1]

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

---

[1] Although Local Rule 7.1(G) does not require supporting memoranda of law for unopposed motions, the parties provide brief argument supporting the requested relief.

Here, Plaintiff only recently obtained counsel. After reviewing the discovery materials and defense exhibits provided by defense counsel, Plaintiff's counsel identified several categories of documents they believed were important for pursuing Plaintiff's cause at trial but were not part of the discovery in this case while Plaintiff was traveling *pro se*. Defendants do not oppose Plaintiff's limited request for additional discovery. As such, in the event the Court grants Plaintiff's request for additional discovery, the parties believe that it would be appropriate to permit supplementation of their pretrial documents to reflect any evidence provided by FDC and its radiology contractor that was not previously produced in this case—such as, for example, x-ray films described in Plaintiff's medical records. Although this case is ready to be set for trial (Doc. 135), no trial order has been entered to date. Accordingly, a brief delay in setting this matter is warranted and would not prejudice the parties or interfere with trial, as the Court has not yet set a date certain for trial.

### III.   CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant this joint motion and enter an order permitting the parties to supplement their pretrial documents within 30 days of completed production by FDC and Tech Care X-Ray, LLC. For purposes of complying

with such order, Plaintiff agrees to file a certificate with the Court upon

completed third-party production.

The parties certify that this joint motion complies with the word limit

requirements of Local Rule 7.1(F).

Dated: May 26 2023.

                                        Respectfully submitted,

*/s/ Erik Kverne\**                    */s/ James Slater*
Erik Kverne (FBN 99829)        James M. Slater (FBN 111779)
Office of the Attorney General     Slater Legal PLLC
The Capitol, PL-01              113 S. Monroe Street
Tallahassee, FL 32399-1050      Tallahassee, FL 32302
Tel. (850) 414-3300            Tel: (305) 523-9023
erik.kverne@myfloridalegal.com    james@slater.legal

*Attorneys for Defendants*            -and-

                                           */s/ Joshua Tarjan*
                                           Joshua Tarjan (FBN 107092)
                                           The Tarjan Law Firm P.A.
                                           12372 SW 82 Avenue
                                           Pinecrest, FL 33156
                                           josh@tarjanlawfirm.com
                                           Tel. (305) 423-8747

                                           *Attorneys for Plaintiff*

\* Signed by James Slater with Erik Kverne's permission.