# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**GERRARD D. JONES**
**DOC # 503034**,

    Plaintiff,

v.                                          Case No. 3:18-cv-155-MCR-MJF

**SCHWARZ, ET AL.**,

    Defendants.

_____/

## **DEFENDANTS' AMENDED ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES**

**John Beaudry** and **Eldridge Pogue** ("Defendants"), hereby answers **Gerrard D. Jones'** ("Plaintiff") Fourth Amended Complaint, (Doc. 20)[1], as follows:

**I.  PLAINTIFF** (Doc. 20 at 2)

Admit.

**II.  DEFENDANT(S)** (*Id*. at 2)

1. Admit.

2. Deny as without knowledge.

3-4. Admit.

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

5. Admit.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES (*Id.* at 3).

Without statement as instructions are being given.

### IV. PREVIOUS LAWSUITS (*Id.* at 3-7)

Deny as without knowledge.

### V. STATEMENT OF FACTS (*Id.* at 5-6)

1. Admit that Plaintiff was being taken to confinement based on a pending Disciplinary Report.

2. Deny as without knowledge what was said by or to Plaintiff. Deny the remainder of Plaintiff's allegations.

3. Deny as without knowledge what was said by or to Plaintiff. Deny the remainder of Plaintiff's allegations.

4. Admit that additional staff was called as Plaintiff was not being cooperative. Deny the remainder of Plaintiff's allegations.

5. Deny as without knowledge.

6-7. Admit that Plaintiff was continuing to not cooperate with orders given by staff. Deny the remainder of Plaintiff's allegations.

8. Deny as without knowledge what was said by other Defendants.

9-10. Deny.

11. Deny.[2]

12-18. Deny.

19. Deny.[3]

20-34. Deny.

35. Deny as without knowledge Plaintiff's medical conditions. Deny the remainder of Plaintiff's allegations.

36. Deny.[4]

37-44. Deny.

45. Deny as without knowledge Plaintiff's medical condition. Deny the remainder of Plaintiff's allegations.

46-50. Deny.

51. Deny as without knowledge whether video footage is available demonstrating what Plaintiff claims. Deny the remainder of Plaintiff's allegations.

VI.  **STATEMENT OF CLAIMS** (*Id*. at 7)

Deny.

VII. **RELIEF REQUESTED** (*Id*. at 7)

Deny that Plaintiff is entitled to any relief whatsoever.

---

[2] Deny as without knowledge Plaintiff's footnote.

[3] Deny the information included within Plaintiff's footnote.

[4] Admit that Plaintiff has a different lawsuit outstanding. Deny the remainder of Plaintiff's allegations within his footnote.

## VIII. DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action against Defendants.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Defendants have not deprived Plaintiff of any rights, privileges, or immunities secured by the United States Constitution.

4. Plaintiff is not entitled to any damages as Plaintiff has not suffered any injury.

5. Defendants are entitled to Qualified Immunity for their actions relative to the incident set forth in Plaintiff's Second Amended Complaint.

6. Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and action or inaction by Defendants as required for liability under 42 U.S.C. §1983.

7. Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act (PLRA) based on lack of a physical injury as a result of the alleged actions by Defendant.

8. The actions taken by Defendants about the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions to warrant recovery under 42 U.S.C. § 1983.

9. Plaintiff failed to mitigate his own injuries.

10. Defendants are entitled to a finding of self-defense in their favor based on the facts of this case.

11. Plaintiff's claims of retaliation are barred by *O'Bryant v. Finch*, 637 F.3d 1207, 1215-16 (11th Cir. 2011).

12. Plaintiff's claims under the 8th Amendment are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).

## IX. RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendants reserve the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## X. DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Amended Answer, Defenses, and Affirmative Defenses* was e-filed and served electronically through CM/ECF on Plaintiff's counsel of record on June 20, 2023.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com